**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Durose, Jay & Corissa

**DEBTOR(S)**
In a joint case, debtor
means debtors in this plan

**Chapter 13 Plan**

Dated    September 19, 2016

Case No._____

1. **DEBTOR'S PAYMENTS TO TRUSTEE-**
    a. As of the date of the plan, the debtor has paid the Trustee $_____.
    b. After the date of this plan, the debtor will pay the trustee $ 1000,1071,2327,2604,2853,3122, per month for 12/21/1/5/5/7/9 months, beginning within 30 days after the order for relief for a total of $ 117295.
    Minimum plan length is 60 months from the date of the initial plan payment unless all allowed claims are paid in less time.
    c. The debtor will also pay the trustee_____.
    d. The debtor will pay the trustee a total of $ 117295.

2. **PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 11729.50.

3. **ADEQUATE PROTECTION PAYMENTS** - The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of months | Total Payments |
|---|---|---|---|---|
| a. | | 0.00 | 0 | 0.00 |
| b. | | 0.00 | 0 | 0.00 |
| c. | | 0.00 | 0 | 0.00 |
| d. | | 0.00 | 0 | 0.00 |
| | | | Total $ | 0.00 |

4. **EXECUTORY CONRACTS & UNEXPIRED LEASES [§365]**-The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| | Creditor | Description of Claim |
|---|---|---|
| a. | | |
| b. | | |

5. **CLAIMS NOT IN DEFAULT** - Payments on the following claims are current, & the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| | Creditor | Description of Claim |
|---|---|---|
| a. | TD Auto- 2013 Ford Taurus | |
| b. | Ally Financial- 2012 GMC Sierra | |
| c. | Stearns Bank- Howard Lake Homestead | |
| d. | Stearns Bank- Detroit Lakes Property | |

6. **HOME MORTGAGES IN DEFAULT [§1322(b)(5) & §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.
*All following entries are estimates.* The trustee will pay the actual amounts of default.

| | CREDITOR | AMOUNT OF DEFAULT | MONTHLY PAYMENT | BEGINNING IN MONTH # | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | $ | $ | | | $ |
| b. | | $ | $ | | | $ |
| c. | | $ | $ | | | $ |
| | TOTAL | | | | | $ |

7. **CLAIMS IN DEFAULT [§1322(B)(3) & 5 & §1322(E)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates except for interest rate.*

| | Creditor | Amount of Default | Int Rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|---|
| a. | | $ | $ | | | | $ |
| b. | | $ | $ | | | | $ |
| c. | | $ | $ | | | | $ |
| | TOTAL | | | | | | $ |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [s.1325(a)(5)]** - The trustee will pay the following allowed secured claims the amount set forth in the "Total Payments" column, below.  Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.  NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. S. 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # | (Monthly Payment) X (No. pmts) = | Payments on account of claim + | (Adequate protection from P. 3) | TOTAL |
|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | |
| b. | | | | | | | | |
| c. | | | | | | | | |
| d. | | | | | | | | |
| e. | | | | | | | | |
| f. | | | | | | | | |
| g. TOTAL | | | | | | | | |

9. **PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under sec. 507, including the following.  The amounts listed are estimates only.  The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 3225.00 | $ 900 | 1 | 4 | $ 3225.00 |
| b. Domestic Support | $ | $ | | | $ |
| c. Internal Revenue Service | $ 7125.00 | $ Pro Rata | | | $ 7125.00 |
| d. Minn. Dept. of Revenue | $ 1.00 | $ | | | $ 1.00 |
| e. Postpetition IRS | $ 1.00 | $ | | | $ 1.00 |
| f. TOTAL | | | | | $ 10352.00 |

10. **SEPARATE CLASS OF UNSECURED CREDITORS**-In addition to the class of unsecured creditors specified in paragraph 11, there shall be a separate class of nonpriority unsecured creditors described as follows:

The trustee will pay the allowed claims of the following creditors.        *All entries below are estimates.*

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |

11. **TIMELY FILED UNSECURED CREDITORS**-The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 5, 6, 7 and 8 their pro rata share of approximately    $ 95,213.50    [line1(d) minus lines 2, 3(c), 5(d) and 8(b)].
    a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are
    b. The debtor estimates that the total unsecured claims (excluding those in paragraphs 8 & 10 are    $ 118,843
    c. Total estimated unsecured claims are    $ 118,843    [line 9(a) plus line 9(b)].

12. **TARDILY-FILED UNSECURED CREDITORS**- All money paid by the debtor to the trustee under Paragraph 1, but not distributed by the trustee under Paragraphs 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** - To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full.  Please note: Child Support collections is authorized to continue automatic wage withholding for ongoing, post-petition child support.  Child Support Collections may obtain, modify & enforce the debtor's current ongoing child support obligation, including medical support & child care, including wage withholding.

-If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.  Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured set forth in Paragraph 11

- The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds.
The balance shall be paid to the trustee as an additional plan payment.  Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s).  The debtors shall keep these credits in addition to the $1200, or $2,000.

- The trustee may distribute additional sums not expressly provided at the trustee's discretion.

**13. OTHER PROVISIONS - (continued)**

- Pursuant to 11 USC § 1305(a)(1), claims for postpetition income taxes due to the Internal Revenue Service (IRS) for the year in which the case was filed are to be included in the plan and paid by the trustee. The trustee shall pay these claims only if the Internal Revenue Service files a proof of claim within one year of commencement of this case.

-If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general unsecured claim.

-Secured creditors with claims provided for in paragraphs 5 and 6 are authorized to send monthly billing statements to the debtor(s). Neither the debtor(s) nor their attorneys shall construe these statements as a violation of the automatic stay.

- In the event of the surrender, foreclosure, or return of any collateral to any secured creditor listed in paragraphs 4, 5, 6, 7, 8, or 13 for any reason, the trustee shall pay any deficiency as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.

The Plan payment steps up after the last child graduates high school.
The Plan payment steps up after each 401K loan is paid off
The Plan payment steps up when each vehicle is paid off.
**Last payment amount is $3482.00

**14. SUMMARY OF PAYMENTS - ESTIMATED**

| | |
|---|---|
| Trustee's fee [Line2] | $ 11,729.50 |
| Home Mortgage Defaults [Line 6(d)] | |
| Claims in Default [Line 7(d)] | |
| Other Secured Claims [Line 8(g)] | |
| Priority Claims [Line 9(f)] | $ 10,352.00 |
| Separate Class [Line 10(c)] | |
| Unsecured Creditors [Line 11] | $ 95,213.50 |
| TOTAL [Must equal Line 1(d)] | $ 117,295.00 |

Walker & Walker Law Offices, PLLC.
Curtis K. Walker, #0113906
Andrew C. Walker #0392525
Bennett G. Hartz, #0393136
Alyssa F. George #0396799
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357

Signed: /S/ Jay Durose
Debtor 1

Signed: /S/ Corissa Durose
Debtor 2